

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br>ANTONIO BATACAN SIMON and<br>MARIETTA ALCON SIMON,<br>　　　　Debtors. | Case No. 11-02788 (RJF)<br>Chapter 7 |
| RICHARD A. YANAGI, Chapter 7<br>Trustee;<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>BANK OF AMERICA, N.A.,<br>RICHARD J. HOEHN; and DOE<br>DEFENDANTS 1-50<br><br>　　　　Defendants. | Adv. Pro. No. 21-90003<br><br>Dkt. 6, 18, 19 |

# ORDER GRANTING IN PART AND DENYING IN PART
# <u>DEFENDANTS' MOTION TO DISMISS</u>

In this adversary proceeding, Plaintiff Richard A. Yanagi, as trustee of the chapter 7 bankruptcy estate of Antonio Batacan Simon and Marietta Alcon Simon (the "Simons"), asserts claims against BANA ("BANA") arising out of the allegedly wrongful nonjudicial foreclosure of real property belonging to the Simons. BANA moves to dismiss the complaint, arguing that the trustee's claims are untimely under the applicable statutes of limitations. For the reasons described below, I will GRANT the motion in part and DENY it in part.

## I.   BACKGROUND[1]

### A.   <u>Foreclosure</u>

The Simons owned real property in Lahaina, Hawaii.[2] BANA foreclosed a mortgage on the property and conducted a public auction on October 7, 2010.[3]

---

[1] The facts recited below are mostly taken from the complaint, the allegations of which I must accept as true for purposes of this motion. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

[2] Compl. ¶ 8, ECF No. 1.

[3] *Id*. ¶ 33.

2

On October 18, 2010, BANA's attorney executed a Mortgagee's Affidavit of Foreclosure Under Power of Sale pertaining to the foreclosure of the mortgage and sale of the property.[4] The foreclosure affidavit was recorded in the Bureau of Conveyances the same day.[5] On November 9, 2010, BANA conveyed the property to Defendant Richard J. Hoehn, the highest bidder at the foreclosure sale, by limited warranty deed.[6] The deed was recorded in the Bureau of Conveyances on December 16, 2010.[7]

B.    **Bankruptcy Case and *Degamo* Class Action**

On October 21, 2011, the Simons filed their chapter 7 bankruptcy petition. They listed a "[p]otential claim against [BANA]" in their schedules.[8] On January 31, 2012, they obtained a chapter 7 discharge and their case was closed.[9]

---

[4] *Id.* ¶ 43.

[5] *Id.*

[6] *Id.* ¶¶ 46, 50.

[7] *Id.* ¶ 50.

[8] *See* Debtors' Schedules A-J, ECF No. 5 in main bankruptcy case.

[9] Discharge of Debtors, ECF No. 14 in main bankruptcy case; Final Decree, ECF No. 15 in main bankruptcy case.

3

The Simons were allegedly members of the proposed plaintiff class in a putative class action entitled *Degamo v. Bank of America, N.A.*, filed in state court on September 7, 2012[10] and removed to federal district court on March 25, 2013.[11] The plaintiffs in *Degamo* asserted claims against BANA for wrongful nonjudicial foreclosure in violation of Haw. Rev. Stat. section 667-5, and unfair or deceptive acts or practices and unfair methods of competition under Haw. Rev. Stat. chapter 480.[12]

On September 22, 2017, one of the named plaintiffs, Milagros Juan Degamo, was dismissed from the class action.[13] The court dismissed the *Degamo* class action with prejudice on March 14, 2019, because the remaining named plaintiffs lacked prudential standing as a result of prior bankruptcy filings.[14]

---

[10] Compl. ¶ 12, ECF No. 1.

[11] Def.'s Notice of Removal, *Degamo v. Bank of Am., N.A.*, No. 1:13-cv-00141-JAO-KJM (D. Haw. Mar. 25, 2013), ECF No. 1.

[12] First Am. Compl. ¶ 46, *Degamo*, No. 1:13-cv-00141-JAO-KJM (D. Haw. Apr. 23, 2013), ECF No. 14.

[13] Stip. Dismiss Pl. Degamo's Claims, *Degamo*, No. 1:13-cv-00141-JAO-KJM (D. Haw. Sept. 22, 2017), ECF No. 76.

[14] Order Denying Pls.' Mot. Accept Ratification or Permit Substitution and

4

On October 10, 2019, the Simons moved to reopen their chapter 7 case to administer the claim arising from the nonjudicial foreclosure sale of their home.[15] I entered an order granting the motion and Richard A. Yanagi was reappointed as the chapter 7 trustee on October 11, 2019.[16]

C.    **The Adversary Complaint and Motion to Dismiss**

The Simons filed their adversary complaint, commencing this proceeding, on February 1, 2021.[17] Count I of the complaint alleges that the foreclosure did not comply with section 667-5 and the power of sale in the mortgage.[18] Count II alleges that BANA engaged in unfair and deceptive trade practices ("UDAP") and unfair methods of competition ("UMOC") in violation of Haw. Rev. Stat. chapter 480.[19] Count III is a claim for quiet title and ejectment against Mr. Hoehn.[20]

---

Renewed Mot. for Leave to File Second Am. Compl, *Degamo*, No. 1:13-cv-00141-JAO-KJM, 2019 U.S. Dist. LEXIS 41608, at *23 (D. Haw. Mar. 14, 2019), ECF No. 147.

[15] Debtors' Mot. Reopen Ch. 7 Case, ECF No. 17 in main bankruptcy case.

[16] Order Granting Mot. Reopen Ch. 7 Case, ECF No. 18 in main bankruptcy case.

[17] Compl., ECF No. 1.

[18] *Id.* at ¶ 67.

[19] *Id.* at ¶¶ 80-89.

[20] *Id.* at ¶ 95.

On April 2, 2021, BANA filed its Motion to Dismiss Complaint, arguing that the complaint should be dismissed under Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012(b).[21] The motion came for hearing on June 25, 2021. Van-Alan H. Shima appeared for the chapter 7 trustee and Patricia J. McHenry appeared for BANA.

## II.  STANDARD

### A.  Rule 12(b)(6) Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"[22] "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"[23] When ruling on a rule 12(b)(6) motion, a court must construe the complaint in the light most favorable to the plaintiff and

---

[21] BANA's Mot. Dismiss Compl., ECF No. 6.

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[23] *Barnes v. Belice (In re Belice)*, 461 B.R. 564, 573 (B.A.P. 9th Cir. 2011) (quoting *Johnson v. Riverside Healthcare Sys., L.P.*, 534 F.3d 1116, 1121 (9th Cir. 2008)).

6

accept all well-pleaded factual allegations as true.[24]

The key is whether the allegations are well-plead; a court is not

bound by conclusory statements, statements of law, or unwarranted

inferences cast as factual allegations.[25] "While a complaint attacked by

a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,

a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do."[26]

B. **Statutes of Limitations and Tolling Based on State Law**

A federal court hearing claims under state law applies the

substantive law of the state, including the state's statute of limitations.[27]

"Federal courts must abide by a state's tolling rules, which are integrally

related to statutes of limitations."[28]

---

[24] *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

[25] *Belice*, 461 B.R. at 573.

[26] *Id.*

[27] *See Albano v. Shea Homes Ltd. Partnership* 634 F.3d 524, 530 (9th Cir. 2011).

[28] *Id.*

U.S. Bankruptcy Court - Hawaii   #21-90003   Dkt # 23   Filed 07/28/21   Page 7 of 28

"When interpreting state law, federal courts are bound by decisions of the state's highest court. 'In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance.'"[29]

## III. DISCUSSION

### A. **Class Action Tolling**

Under the class action tolling rule, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."[30] The Hawaii Supreme Court has adopted the class action tolling rule[31] and has also approved so-called "cross-jurisdictional tolling," under which the pendency of a class action in

---

[29] *Ariz. Elec. Power Coop., Inc. v. Berkeley,* 59 F.3d 988, 991 (9th Cir. 1995) (quoting *In re Kirkland*, 915 F.2d 1236, 1238 (9th Cir. 1990)) (internal citations omitted).

[30] *Patrickson v. Dole Food Co.*, 368 P.3d 959, 968 (Haw. 2015) (quoting *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 551 (1974)).

[31] *Levi v. Univ. of Hawaii*, 679 P.2d 129, 132 (Haw. 1984).

8

federal court tolls the statute of limitations for purposes of a subsequent state court action.[32]

### 1. End of Class Action Tolling

BANA claims that class action tolling ended on September 22, 2017, when the last plaintiff with prudential standing was dismissed from *Degamo*. The trustee argues that the statute of limitations still has not begun to run because the judgment in *Degamo* was vacated in part and no class certification motion has yet been denied.[33]

To decide this issue, I must predict whether the Hawaii Supreme Court would apply class action tolling where the named plaintiffs lacked

---

[32] *Patrickson*, 368 P.3d at 970.

[33] Compl. ¶ 12 n.1, ECF No. 1. After the trustee commenced this adversary proceeding, the Ninth Circuit Court of Appeals affirmed the district court's denial of the plaintiffs' bankruptcy trustees' ratification of the action, substitution of the bankruptcy trustees for the plaintiffs, and leave to file a second amended complaint. The court vacated the district court's denial of the motions to intervene by five members of the putative class and remanded the matter. *Degamo v. Bank of Am.*, 849 F. App'x 620 (9th Cir. 2021). According to the trustee, the remand means that the putative class action is still pending and *American Pipe* tolling is still in effect. I need not address this argument because, for the reasons that appear in the text, I conclude that the trustee's claims are timely even if *American Pipe* tolling ended when the district court dismissed the *Degamo* case.

U.S. Bankruptcy Court - Hawaii   #21-90003   Dkt # 23   Filed  07/28/21   Page 9 of 28

standing to bring their claims. There is no controlling Hawaii Supreme Court precedent on this question. Based on its previous holdings, I predict that the Hawaii Supreme Court would apply class action tolling where the named plaintiffs' lack of standing is not clear from the face of the complaint.

Courts have developed three different approaches to class action tolling where the named plaintiffs in the putative class action lack standing.[34] Courts following the first approach maintain that the filing of a class action does not satisfy *American Pipe*'s requirements when the putative class representative lacks standing.[35] Courts following the second approach reason that a suit on a claim that the claimant had no power to bring still functions "to give a defendant notice of whatever causes of action are asserted therein," so the named plaintiff's lack of standing has no effect.[36] Courts following the third, "middle-ground," approach will not

_____

[34] 3 William B. Rubenstein, <u>Newberg on Class Actions</u> § 9:57.
[35] *Id.*
[36] *Id.* (quoting *Rose v. Ark. Valley Env't & Util. Auth.*, 562 F. Supp. 1180, 1193 (W.D. Mo. 1983)).

U.S. Bankruptcy Court - Hawaii   #21-90003   Dkt # 23   Filed  07/28/21   Page 10 of 28

apply class action tolling to later claims brought by putative class members if the class representative's lack of standing was clear from the face of the pleadings. Courts employ the middle-ground approach for two reasons: one, if it is clear from the face of the complaint that the plaintiff lacks standing, the defendant may not be notified of the substantive claims against it, and two, "any putative class members who argue reliance upon that filing would be allowed, effectively, to sleep on their rights."[37]

Of the three approaches, I believe the middle-ground approach is most consistent with the Hawaii Supreme Court's holdings in *Patrickson* and *Levi*.[38] This approach strikes a balance between "[t]he primary purpose of a statute of limitations," which "is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend" and a major purpose of a class action suit, which is "to prevent multiplicity of actions, thereby preserving the economies of

---

[37] *Id.*

[38] *Patrickson v. Dole Food Co.*, 368 P.3d 959, 970 (Haw. 2015); *Levi v. Univ. of Hawaii*, 679 P.2d 129, 132 (Haw. 1984).

11

time, effort and expense."[39]

A member of the proposed class in *Degamo* would not have known that the named plaintiffs lacked standing from the face of the complaint. Conversely, BANA received notice of the claims pending against it when plaintiffs with Article III standing and without any facially clear defects in prudential standing filed a complaint.[40] It is therefore fair to make BANA defend against these claims now. Thus, class action tolling continued until at least March 14, 2019, when the district court dismissed *Degamo*.

Assuming that the trustee's claims accrued on the date of the foreclosure sale, October 7, 2010, the statute of limitations ran for one year, ten months, and thirty days until it was tolled by the filing of Degamo on September 7, 2012. Applying class action tolling until Degamo was dismissed on March 14, 2019, the statute ran for another one year, ten months, and seventeen days before the adversary complaint was filed on

---

[39] *Levi*, 679 P.2d at 131-32.
[40] *See id.* at 132 ("The filing of a class action within the statute of limitations places a defendant on notice of the subject matter and size of the prospective litigation.").

12

February 9, 2021. By this calculation, the statute of limitations ran for roughly three years and nine months, within both the six-year limitations period applicable to the trustee's wrongful foreclosure claims and the four-year limitations period applicable to the trustee's UDAP and UMOC claims.

### 2. Scope of Tolling

BANA argues that the trustee's requests for restitution- and rescission-based damages, additional allegations of BANA's wrongful conduct in subparagraphs 66(a)-(d) and (g)-(i) of Count I, and additional allegations of BANA's wrongful conduct in paragraph 89 of Count II are outside the scope of class action tolling. I agree in part and disagree in part for reasons I will describe below.

### a. Measures of Damages

Federal courts have stressed that the class action tolling rule "does not leave a plaintiff free to raise different or peripheral claims."[41] "[W]hen a

---

[41] *Williams v. Boeing Co.*, 517 F.3d 1120, 1136 (9th Cir. 2008) (quoting *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 352-53 (1983)) (cleaned up).

U.S. Bankruptcy Court - Hawaii   #21-90003   Dkt # 23   Filed  07/28/21   Page 13 of 28

plaintiff invokes *American Pipe* in support of a separate lawsuit, the district court should take care to ensure that the suit raises claims that 'concern the same evidence, memories, and witnesses as the subject matter of the original class suit,' so that 'the defendant will not be prejudiced.'"[42]

"There is no consensus on whether class action tolling is available only as to claims that are identical to those asserted in the initial putative class action."[43] For some courts, a common legal and factual nexus is sufficient to allow tolling.[44] In contrast, the Ninth Circuit Court of Appeals requires that the causes of action be "identical."[45] But there is no precedent from the Hawaii Supreme Court directly on point, and it is Hawaii state law that controls this inquiry.

I predict that the Hawaii Supreme Court would not require exact identity of claims and would instead consider whether the "new claims"

---

[42] *Crown, Cork & Seal*, 462 U.S. at 355 (Powell, J., concurring) (quoting *Am. Pipe*, 414 U.S. at 561 (Blackmun, J., concurring)).

[43] 1 <u>McLaughlin on Class Actions</u> § 3:15 (17th ed.).

[44] *Id.*

[45] *Card v. Duker*, 122 Fed. Appx. 347, 349 (9th Cir. 2005) ("The Supreme Court has thus not extended tolling due to class litigation beyond *American Pipe*'s narrow allowance for identical causes of action brought where the class was decertified.").

U.S. Bankruptcy Court - Hawaii   #21-90003   Dkt # 23   Filed  07/28/21   Page 14 of 28

would relate back to the class action complaint if they were alleged in an amended pleading in the same action under Haw. R. Civ. P 15(c).[46] That rule seeks to balance the plaintiff's interest in having all of its claims against the defendant decided in a single action with the defendant's interest in receiving timely notice of the claims against it. These are the same factors that the Hawaii Supreme Court analyzed when it adopted the class action tolling rule.[47]

I disagree with BANA's assertion that the additional measures of damages requested by the trustee "would not relate back if alleged in a new pleading in the same action, let alone be tolled under *American Pipe*."[48] At most, the class action tolling rule requires the *claims* asserted in the

---

[46] Haw. R. Civ. P. 15 allows an amended pleading to relate back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]"

[47] *Compare Mauian Hotel, Inc. v. Maui Pineapple Co.*, 481 P.2d 310, 314 (Haw. 1971) *with Levi v. Univ. of Hawaii*, 679 P.2d 129, 131-32 (Haw. 1984).

[48] BANA's Mot. Dismiss Compl. 14, ECF No. 6.

original and subsequent actions to be the same; the *relief* requested need not be identical.[49]

The Hawaii Supreme Court's holding in *Mauian Hotel* is instructive. There, an insurer, on behalf of third-party plaintiff Napili-Kai, amended its answer to add a claim against another third-party plaintiff, Austin, Smith & Associates, Inc.[50] The amendment referred to some factual allegations in the earlier pleadings, but it "also contained additional allegations of fact to support its claim for [property damages]."[51] Austin, Smith & Associates asserted the statute of limitations as an affirmative defense and moved for summary judgment.[52] The lower court granted the motion and Napili-Kai appealed.[53]

---

[49] *See Martell v. Trilogy Ltd.*, 872 F.2d 322, 326 (9th Cir. 1989) (interpreting Fed R. Civ. P. 15(c)); *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 840 F.2d 730, 736 (9th Cir. 1988) ("Under Rule 15, the only question is whether the later claims arise out of the conduct, transaction, or occurrence brought to the defendant's attention by the initial claim. When this is so[,] later-filed claims may relate back, even if they rest on a different legal theory . . . .").

[50] 481 P.2d at 312.

[51] *Id.* at 314.

[52] *Id.* at 312.

[53] *Id.*

16

To decide whether the new allegations "alter[ed] the fact situation to such an extent that the subsequent claim [arose] not out of the original occurrence but instead out of another," [54] the *Mauian Hotel* court looked to the policy behind Hawaii's rule 15(c):

> Rule 15(c) assumes that pleading the occurrence will properly notify the other party of what evidence to gather. . . . [U]nder 15(c) *any amendment requiring additional evidentiary proof which was not reasonably foreseeable from the earlier pleadings* should be deemed to contain a new occurrence. If the rule were otherwise, parties may have to gather the evidence after it has dissipated and . . . this would directly contravene the purpose of the statute.[55]

The court found that "the subsequent claim [arose] out of a new occurrence and not the one originally described."[56] "[N]othing in the original pleadings even hinted at the subsequently alleged damage to Napili-Kai's property" and "the allegation of injury to the Napili-Kai Hotel

---

[54] *Id.*

[55] *Id.* (emphasis added).

[56] *Id.* at 314.

17

raise[d] numerous possible evidentiary questions."[57] Therefore, the court held that the subsequent claim did not relate back under rule 15(c).

Here, unlike in *Mauian Hotel*, the trustee's requests for damages measured on principles of restitution and rescission do not require additional evidence that was not reasonably foreseeable from the earlier pleadings. These "new" measures of damages may require the court to determine the market value of the debtor's property when it was sold and the debtor suffered as a consequence of the foreclosure sale, including loss of use and loss of the property's rental value. BANA received notice that these issues would arise in the *Degamo* trial from the First Amended Complaint, which sought various forms and calculations of damages, including increased residual debt, loss of net equity, loss of use, and loss of the properties' rental value.[58]

---

[57] *Id.*

[58] *See* First Am. Compl. ¶¶ 48, 121, *Degamo v. Bank of Am., N.A.*, No. 1:13-cv-00141-JAO-KJM (D. Haw. Apr. 23, 2013), ECF No. 14.

U.S. Bankruptcy Court - Hawaii   #21-90003   Dkt # 23   Filed  07/28/21   Page 18 of 28

BANA compares this case to *Williams v. Boeing Co.*, where the Ninth Circuit Court of Appeals held that compensation discrimination claims in class action plaintiffs' second amended complaint would not relate back to their earlier claims of retaliation, hostile work environment, and denial of opportunities for promotion under Haw. R. Civ. P. 15(c)'s federal analogue. BANA argues that here, as in *Williams*, the trustee's claim "is a new legal theory depending on different facts, not a new legal theory depending on the same facts."[59] I also find the comparison useful, but I draw the opposite conclusion. Here, the new measures of damages sought by the trustee are based on the same facts and events alleged in *Degamo*.

In *Williams*, the plaintiffs would have had to amend their complaint "to include additional facts to support the compensation discrimination claim" and "different statistical evidence and witnesses would be used to prove the . . . claims because of the different processes [the defendant used] to make salary and promotion decisions."[60] As a contrast, *Williams* cited

---

[59] BANA's Mot. Dismiss Compl. 15, ECF. No. 6 (citing *Williams*, 517 F.3d at 1133).
[60] *Williams*, 517 F.3d at 1133.

19

*Martell v. Trilogy Ltd.*, where the court held that the amended complaint related back under rule 15 where it added a new theory of recovery based on facts alleged in the original complaint.[61]

The present scenario is more like *Martell* than *Williams*. Here, BANA received notice of the evidence it needed to gather when *Degamo* was filed.[62] It cannot assert that it was caught off-guard by the trustee's request for different measures of damages based on the same evidence.[63] Therefore, I determine that the statute of limitations on the trustee's requests for restitution and rescission was tolled during the *Degamo* class action to the same extent as their requests for other measures of damages.

---

[61] *See id.* (citing *Martell*, 872 F.2d at 325-26).

[62] *See Mauian Hotel*, 481 P.2d 313 ("Rule 15(c) contemplates that once a party has been properly put on notice regarding what evidence to gather[,] the statute [of limitations] is satisfied, regardless of when the claim itself is asserted.").

[63] *See Martell*, 872 F.2d at 326 (quoting *Barthel v. Stamm*, 145 F.2d 487, 491 (5th Cir. 1944), *cert. denied*, 324 U.S. 878 (1945)) ("When a suit is filed in federal court under the Rules, the defendant knows that the whole transaction in it will be fully sifted, by amendment if need be, and that the form of action or the relief prayed . . . will not be confined to their first statement."); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (allowing amendment of the complaint under rule 15 where "the amendment would have done no more than state an alternative theory for recovery.").

U.S. Bankruptcy Court - Hawaii   #21-90003   Dkt # 23   Filed  07/28/21   Page 20 of 28

### b. **Additional Wrongful Conduct**
### **Alleged in Count I**

Count I of the adversary complaint alleges numerous defects in the

foreclosure sale conducted by BANA,[64] including defects that BANA

contends were absent from the *Degamo* complaint.

BANA argues that the following allegations were not included in the

First Amended Complaint in *Degamo*:

(1)     the required notice of acceleration was not properly
        provided;
(2)     the date and complete terms of the property's sale were not
        published;
(3)     the auction for the property was not held "on a published
        date or at a published location;"
(4)     no new notice of the time and place of the sale for the
        auction was posted; and
(5)     the new auction date was not posted on the property.[65]

I agree in part but disagree in part for reasons I will explain below.

I agree with BANA as to the trustee's allegations of wrongful conduct

regarding the notice of acceleration in paragraph 66(a). The allegedly

---

[64] Compl. ¶ 66, ECF No. 1.
[65] The "new" allegations can be found at Compl. ¶ 66(a), (d), and (g)-(i).

21

wrongful conduct asserted in *Degamo* began with the notice of sale; there were no allegations of any prior wrongdoing. The notice of acceleration would have been issued before the notice of sale, i.e., before the events that *Degamo* was concerned with. The allegations relating to the notice of acceleration "alter[] the fact situation to such an extent that the subsequent claim arises not out of the original occurrence but instead out of another."[66] Thus, the trustee's claim regarding the notice of acceleration in subparagraph 66(a) of the complaint is not subject to class action tolling.

However, with regard to the allegations in subparagraph 66(d) that the date and complete terms of the property's sale were not published, in subparagraph 66(g) that the auction was not held on a published date or at a published location, in subparagraph 66(h) that no new notice of sale was published or posted on the property, and in subparagraph 66(i) that no new notice of sale was published advertising the auction's actual location, the *Degamo* complaint gave BANA notice of the evidence it needed to

---

[66] *Mauian Hotel*, 481 P.2d at 314.

U.S. Bankruptcy Court - Hawaii   #21-90003   Dkt # 23   Filed  07/28/21   Page 22 of 28

produce. The First Amended Complaint alleged that the policies and practices that BANA adopted to deter public participation and "chill" bid prices at nonjudicial foreclosure auctions "included, but were not limited to . . . postponing auctions without publishing notices of the rescheduled auctions' new dates and times."[67] This was sufficient to inform BANA that it needed to gather evidence on the topics alleged in subparagraphs 66(d) and (g)-(i) of the adversary complaint. Accordingly, these allegations are subject to class action tolling.

### c.     Additional Wrongful Conduct Alleged in Count II

Count II of the adversary complaint contains allegations that BANA's acts were "part of a broader scheme" to achieve a high self-sale rate and foreclose on the maximum number of properties. According to the complaint, BANA's scheme included practices that made debtors less likely to protect their property interests, such as (a) encouraging borrowers to

---

[67] First Am. Compl. ¶ 14(c), *Degamo v. Bank of Am., N.A.*, No. 1:13-cv-00141-JAO-KJM (D. Haw. Apr. 23, 2013), ECF No. 14.

23

miss payments; (b) inadequately staffing its loss mitigation and/or loan modification departments; (c) losing, refusing, or otherwise failing to review or approve loan modification applications and short sale requests; and (d) sending notices of acceleration that did not clearly or properly advise borrowers of their right to bring a suit to stop the sale of their property.[68]

In contrast, the First Amended Complaint in *Degamo* asserted that "BANA adopted foreclosure policies [and] practices designed to deter public participation and 'chill' bid prices at non-judicial auctions."[69] That broad allegation was insufficient to put BANA on notice that it needed to marshal evidence about events that took place before the foreclosure process began. Thus, the allegations in paragraph 89 of the complaint do not "concern the same evidence, memories, and witnesses as the subject

---

[68] *See* Compl. ¶ 89, ECF No. 1.
[69] First Am. Compl. ¶ 14, *Degamo v. Bank of Am., N.A.*, No. 1:13-cv-00141-JAO-KJM (D. Haw. Apr. 23, 2013), ECF No. 14.

24

matter of the original class suit."[70] They arise out of another occurrence and are therefore beyond the scope of class action tolling.

B.     **Accrual and Timeliness of UDAP and UMOC Claims**

Under Haw. Rev. Stat. section 480–24, UDAP and UMOC claims are subject to a four-year statute of limitations. Here, BANA argues that the trustee's UDAP claims accrued on the date of the foreclosure sale for purposes of the statute of limitations. The trustee argues that the foreclosure auction itself did not cause any injury or damages to the debtors, and that BANA's actions were part of a "continuing violation" under HRS section 480-24. However, I need not decide whether the trustee's claims accrued on the date of the foreclosure auction, the date that the foreclosure affidavit was recorded, or at any later time. They are timely regardless of which of these accrual dates applies.

The time from the date of the foreclosure sale to the filing of the complaint, minus the time from filing the initial complaint in *Degamo* to the

---

[70] *Crown, Cork & Seal*, 462 U.S. at 355 (Powell, J., concurring).

25

dismissal of that action on March 4, 2019, is 1,375 days. This is about three months short of the four-year statute of limitations for UDAP claims under Haw. Rev. Stat. section 480-24. Therefore, I determine that the trustee's UDAP and UMOC claims are timely.[71]

C.    **Leave to Amend**

Fed. R. Civ. P. 15 applies in adversary proceedings through Fed. R. Bankr. P. 7015. Under rule 15, "'after a brief period in which a party may amend as of right,' leave to amend lies 'within the sound discretion of the trial court.'"[72] The trustee has not requested leave to amend.

The Ninth Circuit has stated that "in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other

---

[71] Thus, I need not decide whether, under Hawaii law, UDAP claims based on a wrongful nonjudicial foreclosure accrue on the date of the foreclosure auction, the date that the foreclosure affidavit is recorded, or at any later time. The trustee's claims are timely regardless of which of these dates is applicable.

[72] *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185-86 (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

facts.'"[73] While "leave to amend 'shall be freely given when justice so requires,' . . . futile amendments should not be permitted."[74] Here, amendment of the complaint would be futile because the pleading could not be cured by the allegation of other facts. Therefore, I will deny leave to amend the complaint as to claims, measures of damages, and allegations of wrongful conduct dismissed by this order.

Absent tolling, all of the trustee's requests for monetary relief are undoubtedly time-barred. The only type of tolling that the trustee has mentioned is class action tolling and it seems highly unlikely that any other tolling doctrine could apply. Thus, granting leave to amend to add facts that render the trustee's allegations in subparagraph 66(a) timely would be futile.

The same is true of the trustee's UDAP and UMOC claims. A four-year limitations period applies to these claims under Haw. Rev. Stat.

---

[73] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).
[74] *Klamath-Lake Pharma. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1292-93 (9th Cir. 1983) (quoting Fed. R. Civ. P. 15(a)).

U.S. Bankruptcy Court - Hawaii   #21-90003   Dkt # 23   Filed  07/28/21   Page 27 of 28

section 480–24. No other facts or arguments could possibly justify the application of a longer period. Thus, the trustee's claims in paragraph 89, which are not subject to class action tolling, are indisputably time-barred.

Leave to amend is therefore denied.

## III.    CONCLUSION

In conclusion, I will GRANT BANA's motion in part. I hereby DISMISS the trustee's additional allegations of wrongful conduct in Count I, subparagraph 66(a); all of the trustee's claims in Count II, paragraph 89 without leave to amend. I will DISMISS the trustee's claim that a notice of acceleration was not properly provided in Count I, subparagraph 66(a).

I will DENY the motion as to all other elements of the complaint, including, but not limited to, the trustee's requests for restitution, rescissory damages, or other equitable damages, and the allegations in subparagraphs 66(d) and (g)-(i).

**END OF ORDER**

U.S. Bankruptcy Court - Hawaii   #21-90003   Dkt # 23   Filed  07/28/21   Page 28 of 28