**Date Signed:**
**September 2, 2021**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>ANTONIO BATACAN SIMON and MARIETTA ALCON SIMON,<br><br>Debtors. | Case No. 11-02788<br>Chapter 7 |
| RICHARD A. YANAGI, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; RICHARD J. HOEHN,<br><br>Defendants. | Adv. Pro. No. 21-90003<br><br>Dkt. 13, 17, 20 |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Defendant Richard J. Hoehn bought property at a foreclosure auction. Mr. Hoehn successfully prosecuted a summary possession action in the state district court to evict the mortgagor from the property. The mortgagor's chapter 7 trustee sued the foreclosing mortgagee and Mr. Hoehn, contending that the foreclosure sale was defective. Mr. Hoehn moves to dismiss the complaint, arguing that the claims against him are untimely and that the state court's judgment bars the claims by virtue of the *Rooker-Feldman* doctrine and principles of issue and claim preclusion. For the reasons described below, I will GRANT the motion.

**I.     BACKGROUND**

    **A.     <u>Foreclosure Proceeding</u>**

Antonio Batacan Simon and Marionetta Alcon Simon (the "Simons") owned real property in Lahaina, Hawaii.[1] The mortgagee, Bank of America, N.A. ("BANA") initiated foreclosure proceedings and held an auction on October 7, 2010.[2]

---

[1] Compl. ¶ 8, ECF No. 1.
[2] *Id.* ¶ 33.

U.S. Bankruptcy Court - Hawaii   #21-90003   Dkt # 34   Filed 09/02/21   Page 2 of 14

On November 9, 2010, BANA conveyed the property to Defendant Richard J. Hoehn, the highest bidder at the foreclosure sale, by limited warranty deed.³ The deed was recorded in the Bureau of Conveyances on December 16, 2010.⁴

B.    **State District Court Proceeding and Appeal**

On February 7, 2011, Mr. Hoehn filed a complaint for ejectment against the Simons in state district court.⁵ The Simons filed a restricted answer and motion to dismiss the complaint on February 18, 2011, contending that the district court could not decide the matter because title was at issue.

On March 2, 2011, Hoehn filed a Motion for Partial Summary Judgment on the issue of possession. The Simons opposed the court's continued maintenance of jurisdiction over the complaint and consideration of the motion for summary judgment. The district court

---

³ *Id.* ¶¶ 46, 50.
⁴ *Id.* ¶ 50.
⁵ Complaint, *Richard J. Hoehn v. Antonio B. Simon, et al.*, DC Civil No. 11-1-0367 (Haw. Dist. Ct., 2d Cir., Feb. 7, 2011).

3

U.S. Bankruptcy Court - Hawaii   #21-90003   Dkt # 34   Filed 09/02/21   Page 3 of 14

granted the motion and entered a Judgment for Possession on March 28, 2011.[6]

In the meantime, on March 22, 2011, the Simons filed a Notice of Petition for Judicial Review [In the Nature of An Appeal].[7] On appeal, the Simons contended that the district court erred in concluding that it had jurisdiction over the ejectment action.[8]

While the appeal was pending, the district court also entered an order granting Hoehn's motion for partial summary judgment on April 15, 2011 and entered a Final Judgment and order granting Hoehn's Motion for Summary Judgment on All Remaining Issues on September 30, 2011.

The Hawaii Intermediate Court of Appeals ("ICA") entered its Judgment on Appeal more than one year later on December 4, 2012. Though the Simons' Notice of Appeal identified an unappealable

---

[6] *Hoehn v. Simon*, No. CAAP-11-0000169, 288 P.3d 130 (table), 2012 WL 4932139, at *1 n. 1 (Haw. App. Oct. 17, 2012).
[7] *See* Notice of Appeal, *Hoehn v. Simon*, No. CAAP-11-0000169 (Haw. App. Mar. 22, 2011).
[8] *Hoehn v. Simon*, No. CAAP-11-0000169, 288 P.3d 130 (table), 2012 WL 4932139, at *1 (Haw. App. Oct. 17, 2012).

U.S. Bankruptcy Court - Hawaii   #21-90003   Dkt # 34   Filed 09/02/21   Page 4 of 14

document as the matter appealed from, the ICA "construe[d] their appeal as stemming from the appealable Judgment for Possession." It held that the district court had properly exercised its jurisdiction in the ejectment action because the Simons had not placed title at issue with sufficient specificity or detail as required by rule 12.1 of the District Court Rules of Civil Procedure and affirmed its Judgment for Possession.[9]

### C. Bankruptcy Case and *Degamo* Class Action

On October 21, 2011, the Simons filed their chapter 7 bankruptcy petition. They listed a "[p]otential claim against [BANA]" in their schedules.[10] On January 31, 2012, they obtained a chapter 7 discharge and their case was closed.[11]

The Simons were allegedly members of the proposed plaintiff class in a putative class action entitled *Degamo v. Bank of America, N.A.*, filed in state

---

[9] *Id.*
[10] *See* Debtors' Schedules A-J, ECF No. 5 in main bankruptcy case.
[11] Discharge of Debtors, ECF No. 14 in main bankruptcy case; Final Decree, ECF No. 15 in main bankruptcy case.

5

court on September 7, 2012[12] and removed to federal district court on March 25, 2013.[13] The plaintiffs in *Degamo* asserted claims against BANA arising out of numerous allegedly wrongful foreclosures.[14] Hoehn was not named as a defendant to the putative class action.

On October 10, 2019, the Simons moved to reopen their chapter 7 case to administer a claim against BANA arising from the nonjudicial foreclosure sale of their home.[15] I entered an order granting the Simons' motion and Richard A. Yanagi was reappointed as the chapter 7 trustee of their bankruptcy estate on October 11, 2019.[16]

D. **Adversary Proceeding**

Trustee Yanagi filed his adversary complaint, commencing this proceeding, on February 1, 2021. Count III of the complaint seeks quiet title

---

[12] Compl. ¶ 12, ECF No. 1.
[13] Def.'s Notice of Removal, *Degamo v. Bank of Am., N.A.*, No. 1:13-cv-00141-JAO-KJM (D. Haw. Mar. 25, 2013), ECF No. 1.
[14] First Am. Compl. ¶ 46, *Degamo*, No. 1:13-cv-00141-JAO-KJM (D. Haw. Apr. 23, 2013), ECF No. 14.
[15] Debtors' Mot. Reopen Ch. 7 Case, ECF No. 17 in main bankruptcy case.
[16] Order Granting Mot. Reopen Ch. 7 Case, ECF No. 18 in main bankruptcy case.

U.S. Bankruptcy Court - Hawaii   #21-90003   Dkt # 34   Filed   09/02/21   Page 6 of 14

and ejectment against Hoehn. The trustee seeks to recover the Simons' property, to have any claim of title or interest by Mr. Hoehn extinguished, and to recover the property's rental value.

Hoehn filed his motion to dismiss the trustee's claim against him on April 21, 2021, arguing that the claims should be barred under both the *Rooker-Feldman* doctrine and res judicata.[17]

The court held a hearing on the matter on June 25, 2021. Summer Kaiawe appeared for Mr. Hoehn and James J. Bickerton and Van Alan Shima appeared for Trustee Yanagi. At the June 25 hearing, I requested further briefing from both parties on issue and claim preclusion and continued the matter to August 13, 2021. At the second hearing, Summer Kaiawe again appeared for Mr. Hoehn and Van-Alan Shima appeared for the trustee.

II. **STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient

---

[17] Defendant Hoehn's Motion to Dismiss Complaint / Claim, ECF No. 13.

factual matter . . . to 'state a claim to relief that is plausible on its face.'"[18] "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"[19] When ruling on a rule 12(b)(6) motion, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true.[20]

## III. DISCUSSION

### A. <u>Claim Preclusion</u>

The doctrine of claim preclusion prohibits a party from relitigating a previously adjudicated cause of action or any claim or defense that might have been brought in the previous litigation.[21] A party asserting claim preclusion must prove that (1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit,

---

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[19] *Barnes v. Belice (In re Belice)*, 461 B.R. 564, 573 (B.A.P. 9th Cir. 2011) (quoting *Johnson v. Riverside Healthcare Sys., L.P.*, 534 F.3d 1116, 1121 (9th Cir. 2008)).
[20] *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).
[21] *Bremer v. Weeks*, 85 P.3d 150, 160 (Haw. 2004).

U.S. Bankruptcy Court - Hawaii   #21-90003   Dkt # 34   Filed 09/02/21   Page 8 of 14

and (3) the claim decided in the original suit is *identical* with the one presented in the action in question.[22]

Here, the trustee's claims are not identical to the claims at issue in the ejectment action. In the district court action, Mr. Hoehn sued under Haw. Rev. Stat. chapter 667. In the present proceeding, the trustee is bringing his claims for quiet title and ejectment under common law. Therefore, claim preclusion does not apply.

### B. Issue Preclusion

Mr. Hoehn argues that the trustee should be precluded from bringing his claim by the doctrine of issue preclusion. Conversely, the trustee argues that the district court's Judgment for Possession is not a final judgment for purposes of preclusion, citing largely to the Restatement (Second) of Judgments. The trustee also argues that he is not in privity with the Simons because the Simons may not have shared the trustee's incentive to challenge Mr. Hoehn's title. For reasons explained below, I conclude that

---

[22] *Id.* (emphasis added).

9

the test for issue preclusion is met and therefore that the trustee's quiet title and ejectment claims are barred.

Under Hawaii state law, a party asserting issue preclusion must prove that (1) the issue decided in the prior adjudication is identical to the one presented in the action in question; (2) there is a final judgment on the merits; (3) the issue decided in the prior adjudication was essential to the final judgment; and (4) the party against whom issue preclusion is asserted was a party or in privity with a party to the prior adjudication.[23]

Here, the issue decided in the prior adjudication is whether Mr. Hoehn was entitled to possession. That necessarily entailed determining that Mr. Hoehn acquired the Simons' property through a valid foreclosure sale. The validity of the foreclosure sale and Hoehn's right to possession are also at the heart of the trustee's claim in this case. The first factor is therefore satisfied.

---

[23] *Doe v. Doe*, 52 P.3d 255, 265 (Haw. 2002) (citing *Dorrance v. Lee*, 976 P.2d at 911) (emphasis added).

Second, the district court's Judgment for Possession can be considered a final judgment on the merits for purposes of issue preclusion because the Intermediate Court of Appeals affirmed it.[24]

When applying issue preclusion "[i]n civil litigation, . . . the availability of appellate review is a key factor."[25] When determining finality, "the court should determine that the decision to be carried over was adequately deliberated and firm, even if not final in the sense of forming a basis for judgment already entered."[26] Some factors supporting the conclusion that a decision is final for preclusion purposes are (1) whether the parties were fully heard, (2) whether the court supported its decision with a reasoned opinion, and (3) that the decision was subject to

---

[24] *See, e.g., Horsehead Indus., Inc. v. Paramount Comm., Inc.*, 258 F.3d 132, 142-3 (3d Cir. 2001)(holding that a state court judgment – which had not determined the issue of damages– was nevertheless "final" for purposes of preclusion because the parties had fully litigated the issue in question before the New York trial court and intermediate appellate court); *see also N. Ind. Commuter Transp. Dist. v. Chicago SouthShore and South Bend R.R.*, 685 N.E.2d 680, 689 (Ind. 1997) (holding that an appellate court judgment is also entitled to preclusive effect).
[25] *Bravo-Fernandez v. U.S.*, 137 S. Ct. 352, 358 (2016).
[26] *Id.*

11

appeal or was in fact reviewed on appeal.[27] Here, the parties were fully heard and the decision was reviewed on appeal. The Simons filed a "dissent" to Hoehn's initial Motion for Partial Summary Judgment in the district court, then filed both an opening brief and a reply on appeal. And the ICA's decision affirming the district court's Judgment for Possession provided ample reasoning for its holding.

Third, the issue of whether Mr. Hoehn acquired the Simons' property through a valid foreclosure sale was essential to the district court's Judgment for Possession. The foreclosure sale was the sole basis for Mr. Hoehn's possessory and other rights in the property. If the foreclosure sale were invalid, Mr. Hoehn would have had no right to evict the mortgagors from the property.

Last, the trustee and the Simons are in privity with each other. The trustee's argument that the Simons somehow lacked the trustee's incentive

---

[27] *Id.*

U.S. Bankruptcy Court - Hawaii   #21-90003   Dkt # 34   Filed  09/02/21   Page 12 of 14

to challenge Hoehn's title is belied by the Simons' decision to raise the issue of title in the district court and on appeal to the ICA.

Therefore, I determine that the Judgment for Possession has issue preclusive effect in this proceeding and bars the trustee's claim against Hoehn.

C. **Other Arguments**

*Rooker-Feldman* **Doctrine.** Hoehn argues that this court does not have jurisdiction over the trustee's claims under the *Rooker-Feldman* doctrine. Because the Supreme Court has considerably narrowed the doctrine in recent years and issue preclusion already provides a basis for granting Hoehn's motion, I will not consider whether the trustee's claims are barred by *Rooker-Feldman*.

**Statute of Limitations.** Hoehn argues that the trustee's claims are also barred under the six-year statute of limitations on personal actions in Haw. Rev. Stat. section 657-1. Though I have rejected this position in

13

another case,[28] I need not address this argument because I have already determined that issue preclusion bars the trustee's claims.

## III. CONCLUSION

For the reasons stated above, I will GRANT Hoehn's motion to dismiss the trustee's claim against him.

**END OF ORDER**

---

[28] *See Yanagi v. Bank of America, N.A. et al. (In re Herrero)*, No. 10-02991, 2021 WL 3195802 at *9-11 (Bankr., D. Hawai'i July 28, 2021)

U.S. Bankruptcy Court - Hawaii   #21-90003   Dkt # 34   Filed  09/02/21   Page 14 of 14