**Date Signed:**
**November 17, 2021**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br>ANTONIO BATACAN SIMON<br>AND MARIETTA ALCON SIMON<br><br>Debtors. | Case No. 11-02788<br>Chapter 7 |
| RICHARD A. YANAGI<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.;<br>and DOE DEFENDANTS 1-50,<br><br>Defendants. | Adv. No. 21-90003<br><br>Dkt. 37, 41, 42 |

# ORDER DENYING
# <u>DEFENDANT'S MOTION TO STRIKE JURY DEMAND</u>

In this adversary proceeding, Richard A. Yanagi, as trustee of the

chapter 7 bankruptcy estate of debtors Antonio Batacan Simon and

Marietta Alcon Simon asserts two claims against Bank of America, N.A. ("BANA").[1] The trustee's claims arise out of the allegedly wrongful nonjudicial foreclosure of the debtors' real property.

The issue before me is whether the trustee is entitled to a jury trial. I conclude that some of the trustee's claims are triable to a jury, and some are not. I will DENY BANA's motion to strike the trustee's jury demand and leave it to the district court to decide how to present the case to the jury.[2]

I.   BACKGROUND

The debtors owned property located at 815 South Niheu Place, Lahaina, Hawaii 96761, which was encumbered by a mortgage. In September 2009, the mortgage was assigned to BANA and BANA

---

[1] The Trustee also brought claims of quiet title and ejectment against the current owner of the property, Richard Hoehn. On September 2, 2021, I dismissed those claims based on issue preclusion. *See* Order Granting Defendant's Motion to Dismiss, ECF No. 34.

[2] The district court has adopted recommendations like this one in two similar cases. *See* Order Adopting Recommendation to Withdraw Reference to Schedule and Conduct Jury Trial, *Field v. Bank of Am. (In re Tirso)*, Civ. No. 21-00209 JMS-WRP (D. Haw. May 26, 2021), ECF No. 29 in Adv. No. 20-90021; Order Adopting Recommendation to Withdraw Reference, *Yanagi v. Bank of Am. (In re Kahikina)*, Civ. No. 21-00208-DKW-RT (D. Haw. June 23, 2021), ECF No. 36 in Adv. No. 20-90028.

2

foreclosed on the property.[3] BANA's filed Foreclosure Affidavit represents that on October 7, 2010, the property was auctioned and "declared sold" to Richard Hoehn.[4]

On October 21, 2011, the debtors commenced their chapter 7 bankruptcy case.[5] They did not list claims against BANA in their bankruptcy schedules.[6] The debtors obtained a chapter 7 discharge on January 31, 2012,[7] and their case was closed on the same day.[8] On October 10, 2019, the debtors moved to reopen their chapter 7 case to add their claims against BANA to their bankruptcy schedules.[9] The motion was granted by order entered October 11, 2019, and Richard A. Yanagi was reappointed as the chapter 7 trustee.[10]

---

[3] Compl. ¶¶ 19-20, ECF No. 1.
[4] *Id.* ¶ 46.
[5] Chapter 7 Voluntary Petition, ECF No. 1 in main case.
[6] *See* Debtors' Amended Schedules, ECF No. 10 in main case.
[7] Discharge of Debtors, ECF No. 14 in main case
[8] Final Decree, ECF No. 15 in main case.
[9] Motion to Reopen Chapter 7 Case, ECF No. 17 in main case.
[10] Order Granting Motion to Reopen Chapter 7 Case, ECF No. 18 in main case.

3

Trustee Yanagi filed the complaint commencing this adversary proceeding on February 1, 2021.[11] In the complaint, the trustee demanded a jury trial on all claims so triable.[12] On September 13, 2021, BANA filed its Motion to Strike Jury Demand.[13] At the hearing on the motion, Van-Alan H. Shima appears for the chapter 7 trustee, and Allison Lee appeared for BANA.

II. ANALYSIS

A. **Standard**

"The Seventh Amendment provides: 'In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved. . .'"[14] The Supreme Court has interpreted the phrase "Suits at common law" to refer to "suits in which *legal* rights were to be

---

[11] Compl., ECF No. 1.
[12] *Id.* at 40.
[13] Mot. to Strike Jury Demand, ECF No. 37.
[14] *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 40-41 (1989).

4

ascertained and determined," as opposed "to those where equitable rights alone were recognized, and equitable remedies administered."[15]

To decide whether an action should be tried by a jury, courts engage in a two-part inquiry. First, the court compares the action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity.[16] Second, the court examines the remedy sought and determines whether it is legal or equitable in nature.[17] "The second stage of this analysis is more important than the first."[18]

When a federal court hears a state law claim, "characterization of [a] state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law."[19] State law determines only "the elements of the cause of action and the propriety of the remedies sought."[20]

---

[15] *Id.* at 41 (quoting *Parsons v. Bedford, Breedlove & Robeson*, 28 U.S. (3 Pet.) 433, 447 (1830)).
[16] *Id.* at 42 (quoting *Tull v. United States*, 481 U.S. 412, 417 (1987))
[17] *Id.* (quoting *Tull*, 481 U.S. at 417-418).
[18] *Id.* (citing *Tull*, 481 U.S. at 421)
[19] *Simler v. Conner*, 372 U.S. 221, 222 (1963)
[20] *Gallagher v. Wilton Enterprises, Inc.*, 962 F.2d 120, 122 (1st Cir. 1992).

5

Where an action involves both legal and equitable claims, "the right to trial by jury of legal claims must be preserved."[21] If the complaint requests both legal and equitable relief, the parties are still entitled to a jury trial on the legal claim. The right to a jury trial "cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought."[22]

### B. <u>Wrongful Foreclosure (Count I)</u>

Count I is a claim against BANA for wrongful deprivation of real property. As a remedy, the Trustee seeks return of the property and damages for loss of use. If title and possession are not returned, the trustee requests additional damages, restitution, rescissory damages, or other equitable damages "to approximate the return of the Property and to compensate for the loss of use."[23] BANA argues that both the claim of

---

[21] *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 471-72 (1962).
[22] *Curtis v. Loether*, 415 U.S. 189, 196 n.11 (1974); *see also Dairy Queen*, 369 U.S. at 473 n.8 ("It would make no difference if the equitable cause clearly outweighed the legal cause so that the basic issue of the case taken as a whole is equitable. As long as any legal cause is involved the jury rights it creates control.") (quoting *Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp.*, 294 F.2d 486, 491 (5th Cir. 1961)).
[23] Compl. ¶ 68, ECF No. 1.

6

wrongful foreclosure and the relief sought in Count I, including the trustee's request for monetary damages, are equitable in nature.[24]

A party injured by wrongful foreclosure may sue "in equity to set the foreclosure aside or in law for damages, allowing the foreclosure to stand."[25] A jury trial would traditionally be available on a suit for damages.[26] Though federal law governs the present inquiry, the Hawaii Supreme Court's decisions support the characterization of a suit to recover property as one in equity and a suit for damages as one at law.[27]

---

[24] Mot. to Strike Jury Demand 5-8, ECF No. 37.

[25] *Nat'l Life Ins. Co. v. Silverman*, 454 F.2d 899, 917 (D.C. Cir. 1971); *accord* Restatement (Second) of Torts § 927 cmt. k ("It is only where the tortfeasor has conveyed the land to another that there can be recovery of the value of the land in an action at law.") (Am. L. Inst. 1979).

[26] *Johnson v. Fairfax Vill. Condo. IV Unit Owners Ass'n*, 641 A.2d 495, 507 (D.C. Cir. 1994) ("A suit for damages for wrongful foreclosure is traditionally an action at law for which a jury trial would be available.").

[27] In *Santiago v. Tanaka*, 366 P.3d 612 (Haw. 2016), the state supreme court held that "[w]here it is determined that the nonjudicial foreclosure of a property is wrongful, the sale of the property is invalid and voidable at the election of the mortgagor," unless the property has been resold to a third party. *Id.* at 633. In such a case, the court exercises its "equitable power" to award "restitution of [the mortgagor's] proven out-of-pocket losses." *Id.* This suggests that the damages remedy might be treated as "equitable" under Hawaii law. But two subsequent decisions indicate that the damages remedy is legal. In *Mount v. Apao*, 384 P.3d 1268 (Haw. 2016), the court summarized *Santiago* as "holding that where the nonjudicial foreclosure of a property is wrongful, the sale of the property is invalid and voidable at the election of the mortgagor, who shall regain title to and possession of the property, except where the property has passed into the hands

This characterization of wrongful foreclosure as alternatively legal or equitable depending on the remedy is also logical if the present action for wrongful nonjudicial foreclosure is framed as a suit for breach of contract.[28] Though breach of contract is a classic common law action, equitable remedies are available for breach of contract where no adequate legal remedy exists.[29] Specific performance – here, return of the property – is one such equitable remedy.[30] Alternatively, wrongful foreclosure can be

---

of an innocent purchaser for value, under which circumstances, *an action at law for damages* is generally the appropriate remedy." *Id.* at 1270 (emphasis added). Further, in *Lima v. Deutsche Bank Nat'l Tr. Co.*, No. SCCQ-19-0000397, 2021 Haw. LEXIS 204, at *18 (Sept. 3, 2021), the court stated that the wrongful foreclosure and UDAP claims "arise in tort" and "the plaintiffs must demonstrate compensatory damages . . ." *Id.* A tort claim that entitles the plaintiff to compensatory damages is a classic example of a legal claim.

*Lima* also established the measure of damages in such cases in a way that may limit or eliminate plaintiffs' potential recovery. But the trustee's ability to prove damages is irrelevant to his right to a jury trial on that issue.

[28] "[A] breach of contract is a failure, without legal excuse, to perform any promise that forms the whole or part of a contract." 23 Williston on Contracts § 63:1 (4th ed.). Here, the breach is BANA's alleged failure to comply with the power of sale provision in the mortgage. *See Kekauoha-Alisa v. Ameriquest Mortgage Co. (In re Kekauoha-Alisa)*, 674 F.3d 1083, 1090-91 (9th Cir. 2012) ("[B]ecause Lenders' improper postponement of the foreclosure sale violated HRS § 667-5, it also constituted a breach of contract."), *aff'g in part and vacating in part* 407 B.R. 442 (B.A.P. 9th Cir. 2009), *reversing in part* 394 B.R. 507, 518 (Bankr. D. Haw. 2008) (holding that the lenders' failure to comply with Hawaii's nonjudicial foreclosure statute and the power of sale in the mortgage constituted breach of contract).

[29] *See* 25 Williston on Contracts § 67:8 (4th ed. 2020).

[30] *E.g., Philadelphia Indem. Ins. Co. v. Ohana Control Sys., Inc.*, 450 F. Supp. 3d 1043,

8

analogized to the tort of conversion,[31] for which there are concurrent legal and equitable remedies.[32]

Because the trustee requests a mixture of legal and equitable relief, he is entitled to a jury trial at least on the factual issues that are common to both remedies.[33]

### C. Unfair and Deceptive Trade Practices and Unfair Methods of Competition (Count II)

In Count II, the trustee alleges violations of Haw. Rev. Stat. section 480-2 and seeks treble the debtor's economic damages caused by BANA's

---

1052 (D. Haw. 2020) ("Specific performance is a remedy in a breach of contract action. That remedy is equitable.") (citations omitted); 25 Williston on Contracts § 67:1 (4th ed. 2020).

[31] *See* Restatement (Second) of Torts 927 cmt. k ("The principles underlying the rules of damages for the conversion of chattels apply to situations where the title to land has been tortiously destroyed by one who had a power but not a privilege of conveyance . . . ."); *see also Kekauoha-Alisa v. Ameriquest Mortgage Co. (In re Kekauoha-Alisa)*, Adv. No. 06-90041, 2013 WL 773057, at *1-2 (Bankr. D. Haw. Feb. 27, 2013) (analogizing lenders' misconduct in illegal foreclosure sale to the tort of conversion).

[32] 18 Am. Jur. 2d Conversion § 65 ("The owner of converted property has an option of bringing an action either for is specific recovery or for its market value.") (2021).

[33] *See Johnson*, 641 A.2d at 507 ("[I]f there are factual issues common to both the legal and equitable claims, the parties have a right to a jury trial on the common issues.").

conduct under section 480-13.[34] The trustee also seeks declaratory and injunctive relief.[35]

Under the first prong of the *Granfinanciera* inquiry, the trustee's statutory action is analogous to one that would traditionally be brought in a court of law. The trustee points out (and the Restatement (Second) of Torts confirms) that unfair competition and trade regulation actions evolved from tort law, though the fields are now considered independent bodies of law.[36] In addition, the Intermediate Court of Appeals of Hawaii has held that similar actions under section 480-13 are tort actions.[37] Because the trustee's claim sounds basically in tort, it is legal in nature.[38]

Under the second prong of the inquiry, the relief sought in Count II would also be considered legal in nature. Count II seeks money damages,

---

[34] Compl., ¶ 92, ECF No. 1.
[35] *Id.* ¶ 91.
[36] *See* Restatement (Second) of Torts Nine Intro. Note (Am. L. Inst. 1979).
[37] *Eastern Star, Inc. v. Union Bldg. Mat. Corp.*, 712 P.2d 1148, 1155 (Haw. App. 1985) ("A treble damage action under HRS § 480-13(a)(1) based on violations of HRS § 480-2 is a tort action.").
[38] *City of Monterey v. Del Monte Dunes at Monterey Ltd.*, 526 U.S. 687, 709 (1999) ("[T]he Seventh Amendment jury guarantee extends to statutory claims unknown to the common law, so long as the claims can be said to 'soun[d] basically in tort,' and seek legal relief.") (quoting *Curtis*, 415 U.S. at 195-96).

10

"the classic form of *legal* relief."[39] Furthermore, sections 480-2 and 480-13 are to "be construed in accordance with judicial interpretations of similar federal antitrust statutes. . ."[40] The treble damages remedy provided by federal antitrust statutes is considered legal in nature.[41] It follows that a suit under a similar Hawaii statute and requesting the same treble damages remedy should also be tried to a jury.

The trustee's request for declaratory and injunctive relief under section 480-13 does not deprive the trustee of the right to a jury trial on Count II. "[W]here a statute authorizes both equitable and legal relief, the plaintiff's decision to 'join[]' a legal claim with an equitable claim does not 'abridge[]' 'the right to jury trial on the legal claim.' It is irrelevant whether an action is properly characterized 'as one for damages and injunctive relief, or as one for damages alone, for purposes of analyzing the jury trial

---

[39] *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993)).
[40] Haw. Rev. Stat. Ann. 480-3 (West 2021).
[41] *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 504 (1959) (citations omitted); *Fleitmann v. Welsbach Street Lighting Co. of Am.*, 240 U.S. 27, 29 (1916) ("[W]hen a penalty of triple damages is sought to be inflicted, the [Sherman Act] statute should not be read as attempting to authorize liability to be enforced otherwise than through the verdict of a jury in a court of common law.").

11

U.S. Bankruptcy Court - Hawaii   #21-90003   Dkt # 45   Filed   11/17/21   Page 11 of 12

issue.'"[42] Again, the common issues, which may be all the issues on this count, should be tried to a jury.

## III. CONCLUSION

Because the trustee is entitled to a jury trial on at least some of the issues in this adversary proceeding, I will DENY BANA's motion to strike the trustee's jury demand, but leave it to the district court, which will conduct the trial,[43] to determine which issues should be presented to a jury.

**END OF ORDER**

---

[42] *Tamosaitis v. URS Inc.*, 781 F.3d 468, 487 (9th Cir. 2015) (quoting *Curtis*, 415 U.S. at 196 n. 11) (citations omitted).

[43] Bankruptcy courts can conduct jury trials only when the district judges authorize the practice and the parties to the case consent. 28 U.S.C. § 157(e). The district judges in this district have not provided the required authorization, and it is unknown whether the parties to this adversary proceeding would provide the requisite consent. Therefore, the jury trial must take place in district court.

12