**Date Signed:**
**February 17, 2022**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>ANTONIO BATACAN SIMON and<br>MARIETTA ALCON SIMON,<br><br>Debtors. | Case No. 11-02788<br>Chapter 7 |
| RICHARD A. YANAGI, Chapter 7<br>Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.;<br>RICHARD J. HOEHN,<br><br>Defendants. | Adv. Pro. No. 21-90003<br><br>Dkt. 48, 55, 56 |

## ORDER DENYING DEFENDANT'S MOTION
## FOR JUDGMENT ON THE PLEADINGS

In this adversary proceeding, the trustee contends that defendant Bank of America, N.A. ("BANA") improperly foreclosed a mortgage on the debtors' property. BANA points out that the purchaser at the foreclosure successfully prosecuted a summary possession action in state court against the debtors. BANA filed a Motion for Judgment on the Pleadings on November 23, 2021, arguing that the state court's judgment in the summary possession action has issue preclusive effect and bars the trustee's claims in this case. For the following reasons, I agree with the trustee and DENY the defendant's motion.

## BACKGROUND

### A. Foreclosure Proceeding

Antonio Batacan Simon and Marionetta Alcon Simon (the "Simons") owned real property in Lahaina, Hawaii.[1] The mortgagee, Bank of America, N.A., initiated foreclosure proceedings and held an auction on October 7, 2010.[2] On November 9, 2010, BANA conveyed the property to

---

[1] Compl. ¶ 8, ECF No. 1.
[2] *Id.* ¶ 33.

2

Defendant Richard J. Hoehn, the highest bidder at the foreclosure sale, by limited warranty deed.[3] The deed was recorded in the Bureau of Conveyances on December 16, 2010.[4]

### B. Hoehn State District Court Proceeding and Appeal

On February 7, 2011, Mr. Hoehn filed a complaint for eviction against the Simons in state district court.[5] The Simons (representing themselves, without an attorney) filed a "verified restricted answer" on February 18, 2011, contending that the district court could not decide the matter because title was at issue and that the case should be dismissed because the mortgagees were indispensable parties who had not been joined.[6]

On March 2, 2011, Mr. Hoehn filed a motion for partial summary judgment on the issue of possession. Mr. Hoehn argued that the court should rule in his favor because he "purchased the property at a valid non-judicial foreclosure . . . ."[7] He relied on the affidavit of BANA's

---

[3] *Id.* ¶¶ 46, 50.
[4] *Id.* ¶ 50.
[5] ECF 48 at 18-22.
[6] *Id.* at 27-31.
[7] *Id.* at 84.

3

representative to establish that BANA had complied with the nonjudicial foreclosure statute and that the property was sold "in the manner required by law."[8] The Simons objected to the court's jurisdiction. The district court granted the motion and entered a Judgment for Possession on March 28, 2011.

In the meantime, on March 22, 2011, the Simons filed a Notice of Petition for Judicial Review [In the Nature of An Appeal].[9] On appeal, the Simons contended that the district court erred in concluding that it had jurisdiction over the ejectment action because title was in issue.[10]

While the appeal was pending, Mr. Hoehn filed a motion for partial summary judgment on all remaining issues. The district court granted Mr. Hoehn's motion and entered a final judgment on September 30, 2011.

The Hawaii Intermediate Court of Appeals ("ICA") affirmed the judgment for possession, holding that the district court had properly

---

[8] *Id.* at 88.
[9] *Id.* at 126-127.
[10] *Hoehn v. Simon*, No. CAAP-11-0000169, 288 P.3d 130 (table), 2012 WL 4932139, at *1 (Haw. App. Oct. 17, 2012).

4

exercised its jurisdiction in the ejectment action because the Simons had not placed title at issue with sufficient specificity or detail as required by rule 12.1 of the District Court Rules of Civil Procedure.[11]

C. **The Simons' Bankruptcy Case**

On October 21, 2011, while the appeal was pending, the Simons filed their chapter 7 bankruptcy petition. They listed a "[p]otential claim against [BANA]" in their schedules.[12] On January 31, 2012, they obtained a chapter 7 discharge and their case was closed.[13]

On October 10, 2019, the Simons moved to reopen their chapter 7 case to administer a claim against BANA arising from the nonjudicial foreclosure sale of their home.[14] I entered an order granting the Simons' motion and Richard A. Yanagi was reappointed as the chapter 7 trustee of their bankruptcy estate on October 11, 2019.[15]

---

[11] *Id.* at *1.
[12] *See* Debtors' Schedules A-J, ECF No. 5 in main bankruptcy case.
[13] Discharge of Debtors, ECF No. 14 in main bankruptcy case; Final Decree, ECF No. 15 in main bankruptcy case.
[14] Debtors' Mot. Reopen Ch.7 Case, ECF No. 17 in main bankruptcy case.
[15] Order Granting Mot. Reopen Ch.7 Case, ECF No. 18 in main bankruptcy case.

5

D. <u>**Adversary Proceeding**</u>

Trustee Yanagi filed his adversary complaint commencing this proceeding on February 1, 2021. Counts I and II of the complaint allege wrongful foreclosure and unfair and deceptive trade practices and unfair methods of competition against BANA.[16] In Count III of the complaint, the trustee sought the remedies of quiet title and ejectment against Mr. Hoehn.

E. <u>**Dismissal of Defendant Richard Hoehn**</u>

Mr. Hoehn filed a motion to dismiss the trustee's claims against him on April 21, 2021, arguing that the claims should be barred under both the *Rooker-Feldman* doctrine and res judicata.[17]

On September 2, 2021, I entered an order granting Mr. Hoehn's motion ("Hoehn Order") on the grounds that, under the doctrine of issue preclusion, the Judgment for Possession barred relitigation of the validity of the foreclosure sale.[18]

---

[16] Compl. ¶¶ 61-92, ECF No. 1.
[17] Defendant Hoehn's Motion to Dismiss Complaint / Claim, ECF No. 13.
[18] Order Granting Defendant's Motion to Dismiss, ECF No. 34.

## II.  LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides: "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."[19] Judgment on the pleadings is proper when, taking all the allegations in the non-moving party's pleadings as true, the moving party establishes that there is no material issue of fact and it is entitled to judgment as a matter of law.[20] The standard governing a rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a rule 12(b)(6) motion to dismiss for failure to state a claim.[21]

## III.  DISCUSSION

BANA argues that the issue preclusive effect of the Judgment for Possession bars all of the trustee's claims against BANA.

---

[19] Fed. R. Civ. P. 12(c).
[20] *SCD RMA, LLC v. Farsighted Enterprises, Inc.*, 591 F.Supp.2d 1141, 1144 (D. Haw. 2008).
[21] *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

Under Hawaii law, a party asserting issue preclusion must prove that (1) the issue decided in the prior adjudication is identical to the one presented in the action in question; (2) there is a final judgment on the merits; (3) the issue decided in the prior adjudication was essential to the final judgment; and (4) the party against whom issue preclusion is asserted was a party or in privity with a party to the prior adjudication.[22] "Additionally, [5] issue preclusion should be qualified or rejected when its application would contravene an overriding public policy or result in manifest injustice."[23]

The trustee argues that the third element – whether determining the validity of the foreclosure sale was essential to the district court's Judgment for Possession – is not met. He contends that the district court could have supported its judgment by determining either that the foreclosure was valid or that Mr. Hoehn was a bona fide purchaser. He further contends

---

[22] *Doe v. Doe*, 52 P.3d 255, 265 (Haw. 2002) (citing *Dorrance v. Lee*, 976 P.2d 904, 911 (Haw. 1999)).
[23] *Exotics Hawaii-Kona, Inc. v. E.I. Dupont de Nemours & Co.*, 104 Haw. 358, 372, 90 P.3d 250, 264 (Haw. 2004) (cleaned up).

8

U.S. Bankruptcy Court - Hawaii   #21-90003   Dkt # 61   Filed 02/17/22   Page 8 of 15

that, where a judgment could be supported by two independently sufficient grounds, neither ground has issue preclusive effect.

As a general matter, the trustee's legal contentions are correct. The Hawaii Supreme Court has decided that a foreclosure sale cannot be set aside if the property has come into the hands of a bona fide purchaser.[24] This means that a judgment recognizing the rights of the foreclosure purchaser could be based on either of two determinations: that the foreclosure sale was properly conducted, or that the current owner of the property is a bona fide purchaser.

It is also correct that, under the Restatement (Second) of Judgments, when there are two issues which are independently sufficient to support a judgment, the judgment is not conclusive with respect to either issue standing alone. The Restatement explains that, where there are two available grounds, one or the other determination "may not have been as

---

[24] *See Delapinia v. Nationstar Mortgage LLC*, 497 P.3d 106, 115 (Haw. 2021) (holding that when a property is wrongfully foreclosed upon but conveyed to third-party purchasers who were innocent purchasers for value, the foreclosure sale is at most voidable and the proper remedy for the wronged party against the foreclosing lender is damages).

9

carefully or rigorously considered as it would have if it had been necessary to the result."[25] Additionally, the losing party might be less likely to appeal because of the likelihood that the appellate court might affirm on at least one of the issues and not even reach the other.[26]

The Restatement also observes, however, that there may be cases in which "the balance tips in favor of preclusion because of the fullness with which the issue was litigated and decided in the first action."[27] Similarly, when a judgment on alternative grounds is appealed, and the appellate court has upheld the judgment on one of those grounds, it is conclusive as to the upheld determination.[28]

It is not clear from the record of the district court case that the validity of the foreclosure sale was extensively litigated. In his complaint, Mr. Hoehn alleged that he was entitled to possession because he was a bona fide purchaser of the property at the foreclosure sale.[29] His complaint

---

[25] Restatement (Second) of Judgments, § 27 cmt. i (1982).
[26] *Id.*
[27] *Id.*
[28] Restatement (Second) of Judgment, § 27 cmt. o (1982).
[29] ECF 48 at 20. Mr. Hoehn's position was muddled because he relied on inapplicable statutes. His complaint said that he was a bona fide purchaser by virtue of Haw. Rev.

10

U.S. Bankruptcy Court - Hawaii   #21-90003   Dkt # 61   Filed  02/17/22   Page 10 of 15

did not allege that the foreclosure sale was valid. In his motion for summary judgment, however, Mr. Hoehn primarily argued that he purchased the property at a "valid non-judicial foreclosure based upon [the Simons'] default on payments due on their note and mortgage." In their answer to the complaint and response to the motion for summary judgment, the Simons did not challenge Mr. Hoehn's status as a bona fide purchaser; their arguments related to the district court's jurisdiction and the supposed absence of indispensable parties. The district court's judgment itself does not identify the basis on which it determined Mr. Hoehn's right to possession.

The Simons did not explicitly challenge the validity of the foreclosure sale until after the court entered the Judgment for Possession. In a postjudgment motion, the Simons argued that BANA was not entitled to foreclose as it was not the holder of the note and had not proven that it had

---

Stat. §§ 667-33—35. But those sections only apply to a nonjudicial foreclosure conducted under the alternative procedures laid out in Haw. Rev. Stat. §§ 667-21—41. BANA had employed the other statutory scheme for nonjudicial foreclosures, Haw. Rev. Stat. §§ 667-5—15 (repealed 2012), and that scheme does not have provisions comparable to the ones cited by Mr. Hoehn.

11

properly acquired the mortgagee's interest under the mortgage.[30] The Simons argued that "BANA could not have instituted or scheduled a foreclosure sale, and thus the sale is void *ab initio* which renders this ejectment proceeding, which is based on the void sale and conveyance which was done without authority, subject to dismissal."[31] The district court treated this motion as a motion for reconsideration and denied it without stating any reasons.

The ICA also did not decide whether the sale was valid or whether Mr. Hoehn was a bona fide purchaser. That court considered only the Simons' argument that the district court did not have jurisdiction because there was a dispute regarding title to the property. The ICA held that the Simons had not made this assertion with the requisite specificity and detail, and affirmed the Judgment for Possession.[32] Thus, the appellate court ruled

---

[30] *See* Defendant's Motion to Dismiss Complaint, ECF 13-1 at 156.
[31] *Id.*
[32] *Hoehn v. Simon*, No. CAAP-11-0000169, 288 P.3d 130 (table), 2012 WL 4932139, at *1 (Haw. App. Oct. 17, 2012).

12

only on procedural grounds and did not address either of the two substantive grounds for the Judgment for Possession.

In short, the district court could have held that Hoehn had a right to possession by determining either that the foreclosure was valid or that Mr. Hoehn was a bona fide purchaser. The record does not permit me to determine with any certainty that the court actually relied on only one of those grounds.[33] Therefore, the third element of the issue preclusion test is not met.

The final element (considerations of public policy and manifest injustice) also counsels against the application of issue preclusion. Three fundamental policies should be considered: preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigant from harassment by vexatious litigation.[34] The uncertainty about the ground for the district court's decision means that applying issue

---

[33] *See, e.g., In re Lopez*, 367 B.R. 99 (9th Cir. B.A.P. 2007) (citing *Frankfort Digital Servs., Ltd. v. Kistler (In re Reynoso)*, 477 F.3d 1117 (9th Cir. 2007) ("reasonable doubts about what was decided in a prior judgment are resolved against applying issue preclusion.")).
[34] *In re Delannoy*, 615 B.R. 572, 582 (9th Cir. B.A.P. 2020) *aff'd*, 852 F.App'x 279 (9th Cir. 2021).

13

preclusion would not be consistent with these principles or fair to the parties.

Therefore, I determine that the Judgment for Possession lacks issue preclusive effect as to the trustee's claims against BANA in this proceeding.

This conclusion is consistent with my prior decision to dismiss the trustee's claims against Mr. Hoehn. Mr. Hoehn was entitled to prevail in the district court litigation if the foreclosure sale was valid or if he is a bona fide purchaser. For purposes of this case, it is not necessary to determine which of those grounds the district court relied upon because the trustee's claims against Mr. Hoehn in this adversary proceeding also fail if either of those conditions exist.[35]

---

[35] My written decision to dismiss Mr. Hoehn states that the district court necessarily determined that the foreclosure sale was valid. I no longer subscribe to that reasoning. At the time, it was not clear whether a mortgagee could recover foreclosed property from a bona fide purchaser at a defective foreclosure sale, because it was unclear whether a defective foreclosure sale in Hawaii is void or merely voidable. If such a sale were void, the foreclosed property could be recovered even from a bona fide purchaser; if it were voidable, a bona fide purchaser would be protected. Shortly after my decision, the Hawaii Supreme Court resolved the issue in *Delapinia* by holding that such sales are voidable and not void. This made it clear that a purchaser at a foreclosure sale could prevail in an ejectment action either if the sale were valid or if the purchaser were a bona fide purchaser. Although the reasoning of my decision to dismiss Mr. Hoehn is imperfect after *Delapinia*, the result is still correct.

## IV. CONCLUSION

For the reasons stated above, I will DENY BANA's motion for a judgment on the pleadings.

**END OF ORDER**